UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JASON RAY CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>ZACH AND SARA CARTER,<br><br>Defendants. | 5:23-CV-5057-LLP<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Pending before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that has been filed by Defendants Zach and Sara Carter. (Doc. 9). For the following reasons, Defendants' Motion to Dismiss is granted.

## BACKGROUND

On August 21, 2023, Plaintiff Jason Ray Clark filed a *pro se* complaint in the Southern Division of the United States District Court, District of South Dakota, against Zach and Sara Carter. (Doc. 1). In his Complaint, Plaintiff, a former Registered Investment Advisor for Clark Brothers, Inc., alleges a claim of defamation against Defendants. Plaintiff alleges that Defendants made false and defamatory statements in written emails and over the telephone to the Colorado Division of Securities, during its investigation, and in testimony during Plaintiff's administrative hearing before the Colorado Division of Securities. (Doc. 1 at 6). Plaintiff alleges that Defendants made false and defamatory allegations including unauthorized trading, misleading and unethical behavior, and failure to keep Defendants informed. (Doc. 1). He alleges that these false and defamatory statements led to the revocation of his securities license. (Doc. 1 at 6).

Plaintiff alleges that this Court has diversity of citizenship jurisdiction. Plaintiff is a citizen of Colorado and Defendants are citizens of Spearfish, South Dakota. Plaintiff alleges that he

1

suffered damages in the amount of $50,000,000, based in part on his loss of investment management fees on a $10,000,000 portfolio. (Doc. 1).

Pending before the Court is a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure that has been filed by Defendants. (Doc. 9). The Motion to Dismiss has been fully briefed by the parties. As discussed below, the Court will apply the substantive laws of Colorado in analyzing this Motion.

## STANDARD OF REVIEW

"In the specific context of a motion to dismiss a defamation claim, 'because the threat of protracted litigation could have a chilling effect on the constitutionally protected right of free speech, prompt resolution of defamation actions, by summary judgment or motion to dismiss, is appropriate.'" *Nguyen v. Mai Vu*, Civ. No. 18-1132, 2018 WL 5622634, at *4 (D. Colo. Oct. 30, 2018) (citing *Brokers' Choice of Am., Inc. v. NBS Universal, Inc.*, 138 F.Supp.3d 1191, 1199 (D. Colo. 2015), *aff'd*, 861 F.3d 1081 (10th Cir. 2017)). "For example, a motion to dismiss can be granted on the basis that the challenged publication was substantially true, or where the allegedly defamatory statements . . . are either too vague to state a claim for defamation or, if accurately reported, are not defamatory as a matter of law." *Id.* (internal quotations and citation omitted). Additionally, a motion to dismiss may be granted on the basis that the alleged communication is absolutely privileged as a matter of law. *See MacLarty v. White*, 496 P.2d 1071, 1072-73 (Colo. Ct. App. Jan. 11, 1972) (affirming the trial court's dismissal of defamation claim in the basis of absolute privilege).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blakenship v. USA Truck Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011). Courts consider "plausibility" by "'draw[ing] on [their] own judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each

individual allegation.' " *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)).

When the court considers a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), it examinees the complaint and " 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2001) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## DISCUSSION

Defendants have moved to dismiss Plaintiff's defamation claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendants argue that Plaintiff has failed to state a claim for defamation under South Dakota and Colorado law because he has failed to identify in his Complaint the alleged defamatory statements made and failed to identify to whom they were published. (Doc. 10 at 48). Defendants argue that based on the allegations in the Complaint, the alleged defamatory statements were made during an administrative hearing before the Colorado Division of Securities and during the investigation leading up to the hearing. Defendants argue that any such statements are therefore privileged because they were statements given as part of a judicial or quasi-judicial proceeding. (Doc. 10 at 50-51). Finally, Defendants argue that Plaintiff is collaterally estopped from suing Defendants for defamation as the issue before this Court is identical to the issue that was before Administrative Law Judge Matthew E. Norwood in *Chan v. Clark, et al.*, Colorado OCA, Co. No. XY 2022-0001 (Jul. 11, 2023) (Norwood, ALJ).

A federal court exercising its diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *Prudential ins. Co. of Am. v. Manrath*, 475 F.3d 920, 924 (8th Cir. 2007). South Dakota follows the most-significant-relationship test as defined by the Restatement (Second) of Conflicts of Laws which provides that in tort actions, "[t]he rights and liabilities of the parties with respect to an issue . . . are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." *Chambers v. Dakotah Charter, Inc.*, 488 N.W.2d 63, 68 (S.D. 1992);

3

(citing Restatement (Second) of Conflict of Laws § 145 (1971)).  The most-significant-relationship test requires consideration of four factors: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered.  *Id.*

Here, the alleged statements were made by Defendants, residents of South Dakota, about Plaintiff, a Colorado resident, as part of administrative proceedings before the Colorado Division of Securities.  Plaintiff alleges that he lived in Colorado when the alleged defamation occurred and that he sustained his injuries in Colorado because Defendants' alleged defamatory statements resulted in the revocation of Plaintiff's Colorado securities license.  Generally, in an action for defamation, the local law of the state where the publication occurs generally determines the rights and liabilities of the parties.  Restatement (Second) of Conflict of Laws § 149 (1971) (Oct. 2023 update); *see also Nguyen v. Mai Vu*, Civ. No. 18-1132, 2018 WL 5622634, at *5 (D. Colo. Oct. 30, 2018) (citing Restatement).  The Court finds that the State of Colorado has the most significant relationship to the defamation claim alleged and will apply Colorado substantive law in determining whether Plaintiff has stated a claim of defamation upon which relief may be granted.

At common law, the tort of defamation existed to redress and compensate individuals who suffered serious harm to their reputations due to the careless or malicious communications of others.  *Smiley's Too, Inc. v. Denver Post Corp.*, 935 P.2d 39, 41 (Colo. App. 1996) (citing *Keohane v. Stewart*, 882 P.2d 1293 (Colo. 1994)).  Defamation which is oral is slander and that which is written is libel.  *Walters, et al. v. Linhof, et al.*, 559 F.Supp. 1231, 1234 (D. Colo. 1983).  "In Colorado, the elements of a cause of action for defamation are: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." *Williams v. Dist. Court*, 866 P.2d 908, 911 n.4 (Colo. 1993).

In their Motion to Dismiss, Defendants argue that Plaintiff has failed to state a claim for defamation because he has failed to identify in his Complaint the alleged defamatory statements made and failed to identify to whom they were published.  (Doc. 10 at 48).  "[I]n the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself." *Carosella v. One World*

4

*Translation & Assocs., Inc.*, Civ. No. 16-805, 2017 WL 11545379, at *3 (D. Colo. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 11545380 (D. Colo. Mar. 1, 2017) (quoting *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989)); *see also Proffitt v. Cornuke*, Civ. No. 03-0810, 2005 WL 2171860, at *2 (D. Colo. Sept. 7, 2005) ("The allegedly defamatory statements attributed to Defendants are either too vague to state a claim for defamation or, if accurately reported, are not defamatory as a matter of law."). A claim that fails to substantially set forth the words alleged to be defamatory and untrue "is vague and fails to state a claim." *Walters*, 559 F.Supp. at 1234. In the present case, Plaintiff has not specifically pleaded the alleged defamatory words uttered by Defendant, but has more generally pleaded that Defendants made false and defamatory accusations that Plaintiff engaged in unauthorized trading, misleading and unethical behavior, and failing to keep Defendants informed. (Doc. 1).

Even if the Court was to assume for the moment that Plaintiff has given sufficient notice of the communications complained of, are such statements privileged because they were given as part of a judicial or quasi-judicial proceeding? Here, Plaintiff alleges that the alleged defamatory statements were made during the administrative hearing before the Colorado Division of Securities or to officials during the investigation leading up to the hearing.

It is a preliminary question of law for the Court to determine whether the circumstances give rise to a privilege. *Walters*, 559 F.Supp. at 1236 (citing *Costa v. Smith*, 601 P.2d 661, 662 (Colo. App. 1979)). Under Colorado law, a motion to dismiss may be granted on the basis that the alleged communication is absolutely privileged as a matter of law. *See MacLarty v. Whiteford*, 496 P.2d 1071, 1072-73 (Colo. App. Jan. 11, 1972) (affirming the trial court's dismissal of defamation claim on the basis of absolute privilege).

In Colorado, "[c]ommunications made in the course of judicial or quasi-judicial proceedings, even though they are made maliciously and with knowledge of their falsity, are absolutely privileged if they bear a reasonable relationship to the subject of inquiry." *Glaeser v. Academy School Dist.*, Civ. No. 01-384, 2005 WL 2592477, at *4 (D. Colo. Oct. 13, 2005) (citing *MacLarty*, 496 P.2d at 1072; *see also Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001) (citing Restatement (Second) of Torts § 588, *Witnesses in Judicial Proceedings,* cmt. e (1977)); *Dep't of Admin. v. State Personnel Bd. of State*, 703 P.2d 595, 598 (Colo. App. 1985) (citing Restatement (Second) of Torts § 587, *Parties to Judicial Proceedings*, and § 585, *Witnesses in Judicial Proceedings* (1977)). Colorado courts have extended absolute

5

immunity to statements made in preparation for and in anticipation of quasi-judicial proceedings if they have some relation to a proceeding that is actually contemplated in good faith and under serious consideration by the witness or a possible party to the proceeding. *Gonzales v. Hushen*, Civ. No. 22-0696, 2023 WL 6301610, at *8 n.9 (Colo. App. Sept. 28, 2023) (citing *Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001)); *see also Belinda A. Begley and Robert K. Hirsch Revocable Trust v. Ireson*, 490 P.3d 963, 968 (Colo. App. 2020) (same). "The purpose behind a grant of absolute immunity is to preserve the independent decision-making and truthfulness of critical judicial participants without subjecting them to the fear and apprehension that may result from a threat of personal liability." *Gonzales*, 2023 WL 6301610, at *8 (quoting *Stephanek v. Delta County*, 940 P.2d 364, 368 (Colo. 1997)). "A witness who knows that he might be forced to defend a subsequent lawsuit . . . might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence." *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983)).

In the present case, Plaintiff alleges that the defamatory comments by Defendants were made to Colorado Division of Securities officials during their investigation and during the subsequent administrative hearing to revoke Plaintiff's securities license. The question then is whether these proceedings constitute quasi-judicial proceedings under Colorado law. The Court finds that they do.

"Judicial or quasi-judicial proceedings protected by the litigation privilege are defined broadly to include all kinds of truth-seeking proceedings, including administrative, legislative, and other official proceedings." *Miller v. Institute for Defense Analyses*, Civ. No. 17-2411, 2018 WL 10563049, at *6 (D. Colo. May 28, 2018) (citing 1A American Law of Torts § 5:17.10); *see also Colaizzi v. Fire Protection Serv. Corp.,* Civ. No. 15-1473, 2017 WL 878539, at *6 (2017) ("Quasi-judicial proceedings relate to, or involve adjudicative acts—that is, determinations of facts and applications of law.") (citing *Black's Law Dictionary* (7th ed. 1999)). A recent decision from the Colorado Court of Appeals provides that "for a proceeding to be considered 'quasi-judicial' for purposes of applying absolute immunity to party and witness statements, the proceeding must contain sufficient procedural safeguards to ensure reliability and fundamental fairness." *Gonzales*, 2023 WL 6301610 at *10. Such safeguards may include, but are not limited to, "the right to notice, the right to a hearing, the right to present oral and documentary evidence, the right to call witnesses,

the right to cross-examine witnesses, the right to have the meaningful assistance of counsel (or other representation) during the proceeding, the right to appeal the decision." *Id.* Courts may also consider whether statements relied on by the decision-making body are made under oath or whether the decision-making procedures provide some other deterrent against untruthful statements. *Id.*

The Court finds that any defamatory oral or written communications allegedly made by Defendants during administrative hearing before the Colorado Division of Securities and to investigators during their investigation were made in a quasi-judicial proceeding and are thus protected by absolute immunity. The initial decision revoking Plaintiff's securities license pursuant to Section 11-51-410[1] that was referenced by Plaintiff in his Complaint, was issued after a two-day hearing held before Administrative Law Judge Matthew E. Norwood and conducted pursuant to section 24-4-105 of the Colorado Revised Statutes—the hearings provision of the state Administrative Procedures Act. (Docs. 1, 11-2; Colo. Code Regs. § 704-1 (2023)). Under C.R.S. § 24-4-105, Administrative Law Judge Norwood was vested with authority to administer oaths, take testimony, rule on questions of evidence, and make factual and legal determinations. Additionally, both parties to the administrative hearing in this case had the right to counsel, "the right to present [their] case or defense by oral and documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." C.R.S. § 24-4-105.

According to the Judge Norwood's decision and Plaintiff's brief, Defendant Zach Carter testified by sworn deposition. (Docs. 12 at 82; 11-2 at 68). Pursuant to Colo. Code Regs. § 704-1, Plaintiff had a right to appeal Judge Norwood's decision and indicated in his brief that he had done so. (Doc. 12 at 82). The Court finds that the administrative proceedings in his case constitute quasi-judicial proceedings and any alleged defamatory statements made by Defendants during such proceedings are protected by absolute privilege as a matter of law. Having found that any alleged defamatory statements by Defendants are privileged, the Court need not examine whether Plaintiff's defamation claim is barred under collateral estoppel. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. 9) is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

---

[1] *Tung Chan, Securities Commissioner for the State of Colorado v. Jason R. Clark and Clark Brothers, Inc.*, XY 2022-0001. (Doc. 11-2).

Dated this 24th day of January, 2024.

BY THE COURT:

/s/ Lawrence L. Piersol

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

/s/ Matthew Thielen